O. B. MARTIN et al., Appellants,

v.

TEXAS AND NEW ORLEANS RAILROAD
COMPANY et al., Appellees.

No. 14226.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 29, 1964.

Roger Butler, Robstown, for appellants.

Keys, Russell, Keys & Watson, M. W. Meredith, Jr., Corpus Christi, for appellees.

BARROW, Justice.

This is a four-party suit for damages growing out of a railroad crossing collision between a Texas & New Orleans Railroad Company freight train and a truck owned by O. B. Martin and operated by his employee, Baldemar T. Soliz. Martin sued the railroad to recover for damages to his truck. Soliz intervened and sued the railroad to recover for his personal injuries. The railroad cross-claimed against Martin and Soliz to recover its property damage. Coy H. Ponish, engineer of the train, intervened and sued Martin and Soliz to recover for his personal injuries. The jury found that both Ponish and Soliz committed acts of negligence which proximately caused the collision, and the trial court entered a take-nothing judgment as to all claims. Martin and Soliz have perfected this appeal.

The jury found three independent acts of negligence against Soliz and each was found to be a proximate cause of the collision: (1) Soliz violated Art. 6701d, § 86,

Vernon's Ann.Civ.Stats., in that, although he stopped the truck within fifty feet but not less than fifteen feet from the nearest rail on which the train was approaching, he proceeded at a time when he could not do so safely because the approaching train was plainly visible and in hazardous proximity to the crossing; (2) he failed to keep a proper lookout; (3) he failed to make proper application of the brakes on the truck.

■■ Appellants complain that there is no evidence or, in the alternative, the evidence is insufficient to support the jury finding that the train was plainly visible or in hazardous proximity to the crossing before Soliz reached a point within fifteen feet of the nearest rail. Appellants attack the second finding as being a double submission of the question of lookout. No attack is made on the third act of negligence found against Soliz, although this finding of common law negligence, together with the finding of proximate cause, bars recovery by appellants. We have nevertheless reviewed the entire record, as required by appellants' alternative point complaining of the insufficiency of the evidence, and it is our opinion that there is sufficient evidence to support the jury findings that the train was plainly visible and in hazardous proximity before Soliz reached a point fifteen feet from the nearest rail.

The collision occurred at the Soyars Street crossing in Orange Grove, Texas, at about 9:10 a. m. on March 3, 1959. The weather was clear and the street was dry. The physical facts show that the visibility of the railroad track to Soliz' left, on which the train approached the crossing, was partially obscured by a row of grain storage bins. These bins were set back about twenty-five feet from the nearest rail of the track on which the train approached and the closest bin was located about 350 feet from the crossing. It was demonstrated by an engineer's plat and photographs that a driver approaching the crossing could see the front of a train approaching from his left at these distances: when 75 feet from the nearest rail of the crossing, a person could see the train 520 feet from the crossing; when 60 feet from the nearest rail, he could see the train 600 feet from the crossing; and when 30 feet away, he could see the train when it was 735 feet from the crossing. The train was proceeding at a speed of 45–49 m. p. h., and the truck at a speed of 5–7 m. p. h. The train was moving at about 70 feet per second, and the truck, at about 7 to 10 feet per second.

These physical facts fully support the findings of the jury that the train was plainly visible and in hazardous proximity before Soliz reached a point fifteen feet from the nearest rail on which the train was approaching. In addition, the testimony of Mr. Hartman, a disinterested eye-witness, supports the jury findings that Soliz violated this statute.

■■ Appellants urge that the question of Soliz' lookout was submitted in the issues relating to whether the train was plainly visible and in hazardous proximity and that the submission of the common law issue of proper lookout was a double submission of the question of Soliz' lookout. The Supreme Court in Texas & New Orleans Railroad Co. v. Day, 159 Tex. 101, 316 S.W.2d 402, recognized that there exists a common-law duty to exercise a proper lookout in addition to the statutory duties required by Sec. 86 of Art. 8306, supra. This common law negligence issue was raised by proper pleadings and the jury finding of improper lookout is supported by the testimony of Soliz that he did not see the approaching train until it was about twenty to forty feet from his truck. The trial court did not err in submitting the common-law issue of lookout.

Appellees introduced, for impeachment purposes, evidence that Soliz had been convicted for possession of marijuana. No complaint is made of the introduction of this impeachment evidence, but appellants assert that the case should be remanded because of the refusal of the court to permit

them to show that the conviction was the result of an entrapment of Soliz. Appellants did not assign this error in their motion for new trial, but assert that such error is fundamental.

 It is our opinion that this point does not raise fundamental error, and since it was not presented in appellants' motion for new trial, it may not be considered by this Court. Rule 374, Texas Rules of Civil Procedure. It is recognized that since the repeal of Art. 1837, R.C.S., by the Texas Rules of Civil Procedure, there is no statutory provision authorizing the Court of Civil Appeals to consider an unassigned error. Therefore, the concept of fundamental error is much narrower than it was, and has become somewhat of a rarity. McCauley v. Consolidated Underwriters, 157 Tex. 475, 304 S.W.2d 265; Halbert v. Upper Neches River Municipal Water Auth., Tex.Civ.App., 367 S.W.2d 879.

The Supreme Court in Ramsey v. Dunlop, 146 Tex. 196, 205 S.W.2d 979, although not undertaking to give an all-inclusive definition, said that an error which directly and adversely affects the interest of the public generally, as that interest is declared in the statutes or Constitution of this State, is a fundamental error. Likewise, when the record affirmatively and conclusively shows that the court rendering the judgment was without jurisdiction of the subject matter, the error will be regarded as fundamental.

McCauley v. Consolidated Underwriters, supra. See also, McDonald, Texas Civil Practice, § 18.05. The asserted error does not come within either of these definitions. Furthermore, it has been held many times that when it is necessary to examine the statement of facts to discover error, the error is not fundamental. Lane v. Fair Stores, Inc., 150 Tex. 566, 243 S.W.2d 683; Schafer v. Stevens, Tex.Civ.App., 352 S.W. 2d 471. The error asserted by appellants can only be ascertained by an examination of the statement of facts.

It is therefore our opinion that this asserted error is not fundamental. Since this ground of error was not presented in appellants' motion for new trial and is not fundamental error, it was waived by appellants. Rule 374, T.R.C.P.

The judgment of the trial court is affirmed.