**MISSOURI PACIFIC RAILROAD CO.,**
Appellant,

v.

**Robert Lee BURNS, Appellee.**

**No. 4243.**

Court of Civil Appeals of Texas.

Waco.

Oct. 1, 1964.

Rehearing Denied Oct. 22, 1964.

Jackson, Walker, Winstead, Cantwell & Miller, Jack Pew, Jr., Dallas, for appellant.

W. L. Tandy, Waco, for appellee.

TIREY, Justice.

This action is grounded on a crossing collision. Plaintiff went to trial on his First Amended Original Petition, in which he alleged that the defendant was guilty of negligence in seven different particulars. They are substantially as follows:

1. That defendant failed to stop its train prior to reaching the intersec-

tion with the crossing with knowledge of the approaching presence of plaintiff;

2. For failure to keep a proper lookout;

3. In failing to provide a stop sign or other signal device at an extra hazardous crossing within the limits of the City of Mart;

4. In failing to sound the whistle and ring the bell prior to reaching and crossing said intersection in violation of Art. 6371 of Vernon's Ann.Tex. St.;.

5. In failing to have a flagman or other signalling device at the end of the train while it was backing into the crossing;

6. In failing to have a light showing upon the rear of the train while backing into the intersection;

7. In failing to comply with Article 6371, V.A.T.S.

Defendant went to trial on its First Amended Original Answer. It contained a general denial and specially plead that plaintiff was guilty of negligence in that he failed to stop his automobile before he reached a point 15 feet from the nearest rail of the track upon which the train was being operated; that the engine sounded a signal audible from a distance of approximately 1500 feet, and that the train was clearly visible, and that it was the duty of the plaintiff, as provided in Article 6701d, Section 86, Vernon's Ann.Revised Civil Statutes, to stop his automobile not more than 50 feet nor less than 15 feet from the nearest rail of such track; that such failure of the plaintiff to so stop and remain stopped proximately caused or contributed to cause the injuries and damages he claimed to have sustained. He further plead defendant was negligent in failing, (a) to keep a proper lookout, and (b) in failing to stop his automobile before proceeding onto the crossing.

The jury found substantially, that defendant failed to stop its train at the intersection upon seeing the lights of the approaching plaintiff's vehicle, but that such failure was not negligence, (Issues 1 & 2); that the intersection was an extra hazardous one, and that defendant's failure to provide a light or flagman or other signal device at such intersection was negligence, and that such failure was a proximate cause of plaintiff's injuries and damages, (Issues 4, 5, 6 and 7); that defendant failed to provide a light on the rear end of the train while backing over the intersection, and that such failure was negligence, and was a proximate cause of the injuries, (Issues 11, 12 and 13); that defendant did not fail to continue to ring the bell on the train until crossing the intersection, (Issue 17); that the cost to repair the plaintiff's car to be $165.00, (Issue 20); and fixed plaintiff's physical pain and suffering at $1500.00, (Issue 21); that the engine was approaching within 1500 feet of the crossing and while so doing emitted a signal audible from such distance, and that such audible signal was given before plaintiff reached a point 15 feet from the nearest rail of the railroad track upon which the train was traveling, and that at the time inquired about in Issue 23, that defendant's train, by reason of its speed or nearness to the crossing, was an immediate hazard, (Issues 22, 23 and 24); that defendant's train was not plainly visible before plaintiff reached a point 15 feet from the nearest rail of the railroad track upon which the train was traveling, (Issue 25); that the train was in "hazardous proximity" to the crossing before plaintiff reached a point 15 feet from the nearest rail of the track upon which defendant was traveling, (Issue 26); that the failure of plaintiff to stop his car within 15 feet from the nearest rail of the railroad track upon which the train was traveling was a proximate cause of the collision, (Issue 27); that plaintiff's failure to stop his car at the time before proceeding onto the track was not negligence, (Issue 28); that plaintiff did not fail to keep a proper lookout, (Issue 30).

Plaintiff's motion asked the court to enter judgment in his favor, based on the answers of the jury to Issues 4, 5, 6, 7, 11, 12 and 13,

and in the amount of $1665.00, by virtue of the jury's answers to Issues 20 and 21. He asked the court to disregard the findings of the jury to Issue 24, for the reason that said issue is not confined to the statutory duty required by law of plaintiff as being the basis of contributory negligence as set out in Art. 6701d, Sec. 86(c), and further because the answer is in conflict with the finding of the jury to Issue 28. Issue 28 is: "Do you find from a preponderance of the evidence that the failure of Robert Lee Burns to stop his automobile at the time and on the occasion in question before proceeding onto the track in question was negligence?" To which the jury answered, "No". The motion asked the court to set aside and disregard the answers of the jury to Issues 26 and 27; and contends that the answers to Issues 28, 30 and 31 negative any violation of Article 6701d, aforesaid.

The court overruled defendant's motion for judgment, but granted plaintiff's motion for judgment on the verdict, but did not enter any order disregarding any of the findings made by the jury. In the judgment we find this recital: " * * * and it appearing to the court that such verdict is complete, the court received and filed same, and it appearing that plaintiff, Robert Lee Burns, is entitled to judgment on the jury's verdict, * * * " and the court entered judgment in favor of plaintiff for the sum of $1665.00.

Appellant assails the judgment on 9 points. Point 1 is:

"The * * * court erred in refusing to render judgment on the verdict in favor of appellant, because, in answer to Special Issues Nos. 22, 23, 24 and 27, the jury returned complete findings that appellee violated Art. 6701d, Sec. 86(c), Texas Revised Civil Statutes, which violation constitutes negligence per se."

We sustain this point and it requires us to reverse and render this cause. Section 86 of Art. 6701d, provides in part:

"Whenever any person driving a vehicle approaches a railroad grade cross-

ing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when:

\* \* \* \* \* \*

"(c) A railroad engine approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a signal audible from such distance and such engine by reason of its speed or nearness to such crossing is an immediate hazard."

Defendant specially plead that plaintiff violated the foregoing provisions. Sufficient evidence was tendered to raise such defense, and the court submitted the violation in the following manner:

Issue 22, "Do you find from a preponderance of the evidence that when the defendant's railroad engine in question was approaching within approximately fifteen hundred (1500) feet of the crossing in question such engine emitted a signal audible from such distance?"

"Answer: Yes.

Issue 23, "Do you find from a preponderance of the evidence that such audible signal, if any you have found, was given before the plaintiff, Robert Lee Burns, reached a point fifteen (15) feet from the nearest rail of the railroad track upon which defendant's train in question was traveling?"

"Answer: Yes.

Issue 24: "Do you find from a preponderance of the evidence that at the time inquired about in the foregoing special issue No. 23, that defendant's train in question, by reason of its speed or nearness to the crossing in question, was an immediate hazard? Answer: Yes.

Issue 27: "Do you find from a preponderance of the evidence that the failure of Robert Lee Burns to stop his automobile within fifty (50) feet but not less

than fifteen (15) feet from the nearest rail of the railroad track upon which defendant's train was traveling, was a proximate cause of the collision in question?

"Answer: Yes."

There were no valid exceptions to Issues 22, 23, 24 and 27, and the court did not sustain any exceptions of plaintiff to the charge, and there are no cross-assignments thereon. As above stated, the court, in the judgment, found that the verdict was *complete* and entered judgment thereon.

In Burton v. Billingsly, Tex.Civ.App., 129 S.W.2d 439, w. ref. point 7, we find the rule:

"Contributory negligence and proximate cause ordinarily are questions of fact to be decided by the jury. They become questions of law, however, when they consist of the violation of law or the circumstances are such that, in the opinion of the court, reasonable minds could not arrive at different conclusions."

Our Supreme Court has not seen fit to change or modify the foregoing rule. In the case at bar we have jury findings expressly holding that appellee violated the express provisions of Section 86(c), of Art. 6701d.

Chief Justice Calvert, in his law review article (34 Tex.L.Rev. 977), in discussing the violation of the foregoing statute as it related to the factual situation in the McFerrin case, [Missouri-Kansas-Texas R. Co. v. McFerrin], 156 Tex. 69, 291 S.W.2d 931, said:

"The courts of this state have adopted and follow the general rule that violation of a statutory duty is negligence per se, and that once the violation is established the only added finding necessary to establish a defendant's liability (or to bar a claim, if the violation be by a plaintiff) is that the violation of the statutory duty was a proximate cause of the plaintiff's injuries."

Under the provisions of the foregoing statute a motorist at a grade crossing must stop within 50 feet and not less than 15 feet from a railroad when the engine of a train approaching from within 1500 feet is emitting a signal audible from such distance and is an immediate hazard. The undisputed evidence and the jury's findings are that before appellee reached a point 15 feet from the track the engine was emitting such an audible signal, and was an immediate hazard. That is the substance of the findings of Issues 22, 23 and 24 above quoted. It is undisputed that appellee did not stop and counsel for appellee so stated in oral argument. Issue 27 expressly found that appellee's failure to stop inside the statutory area was a proximate cause of the collision, and such finding convicted appellee of contributory negligence and precluded him from any recovery. But appellee contends that because the jury acquitted him of common-law negligence in not failing to keep a proper lookout, and in not failing to stop his automobile before proceeding onto the track, entitled him to a judgment on the verdict. We overrule this contention. See Texas & Pacific Railway Company v. Snider, 159 Tex. 380, 321 S.W.2d 280; Peters v. Chicago, R. I. & P. R. Co., Tex.Civ.App., 257 S.W.2d 860, n. r. e.; Martin v. Tex. & N. O. R. Co., Tex.Civ. App., 375 S.W.2d 554, n. w. h. Moreover, in Texas & New Orleans R. Co. v. Day, 159 Tex. 101, 316 S.W.2d 402, our Supreme Court made the following pronouncement:

"Submission of petitioner's common-law defense of failure of the truck operator to keep a proper lookout did not satisfy the requirement for submission of the statutory defenses."

He also contends, as we understand his brief and oral argument, that the answer of the jury to Issue 24 is of no force and effect because it contained no definition of "immediate hazard". Assuming without deciding that such a definition would have been proper or necessary under the opinion of the Supreme Court in the McFerrin case,

supra, and under Justice Calvert's Article in 34 Tex.L. Rev., supra, its omission constitutes no basis for disregarding the jury's answer to Special Issue 24, because such matter was not called to the attention of the court by any objection or any request. Issue 24 was a controlling issue expressed in the language of the statute, and both appellee and appellant waived the absence of any explanatory instructions. See Rule 274, Texas Rules of Civil Procedure. See also Supreme Court opinion Allen v. American Nat. Ins. Co., 380 S.W.2d 604, pages 608, 609. Since the court in its judgment did not disregard the jury's findings convicting appellee of contributory negligence, he is precluded from any recovery. Because of the foregoing views expressed each of the remaining points passes out of the case.

The judgment of the trial court is reversed and rendered.