**B. B. GRIFFIN, Appellant,**

v.

**MISSOURI PACIFIC RAILROAD COM-
PANY, Appellee.**

**No. 433.**

Court of Civil Appeals of Texas.

Corpus Christi.

Nov. 27, 1968.

Sorrell, Anderson & Porter, James H. Atwill, Corpus Christi, for appellant.

Kleberg, Mobley, Lockett & Weil, Cecil W. Casterline, Corpus Christi, for appellee.

## OPINION

SHARPE, Justice.

This appeal is from a judgment rendered after jury trial that appellant, plaintiff below, take nothing from appellee, defendant below, because of damages sustained to appellant's automobile when it collided with appellee's train in the Calallen area of Corpus Christi, Texas, at about 7:15 P.M. on July 20, 1966. Appellee's train was north bound and appellant's car was travelling in a generally easterly direction just prior to the collision. Appellant saw the engine prior to impact, made application of his brakes and stopped so that the front of his car was approximately two feet from the nearest or west rail of appellee's track, but not a sufficient distance from the side of the train to avoid colliding with it.

The verdict of the jury in response to eighteen special issues was in substance as follows: In answer to special issues 1, 2 and 3 the jury found that the crossing in question was an extra hazardous one, that the failure to provide either an automatic wigwag signal or crossing gates or a flagman was negligence, and that such negligence was a proximate cause of the collision. In answer to issue 4 the jury refused to find that appellee failed to sound the bell and horn at a distance of 1320 feet from the crossing and to continue same until the crossing was passed. Conditionally submitted issues 5 and 6 were not answered. In answer to issue 7 the jury also refused to find that appellee was operating the locomotive at an excessive rate of speed. Conditionally submitted issue 8 was not answered. Special issues 9, 10, 11 and 12 together with the jury answers read as follows:

## "SPECIAL ISSUE NO. 9

Do you find from a preponderance of the evidence that when Defendant's railroad engine was approaching within approximately fifteen hundred feet (1500′) of the crossing in question, such engine sounded a signal audible from such distance?

Answer 'Yes' or 'No'.

Answer: <u>Yes</u>

If you have answered Special Issue No. 9 'Yes', then answer Special Issue No. 10, otherwise you need not answer the same.

## SPECIAL ISSUE NO. 10

Do you find from a preponderance of the evidence that such an audible signal, if any, was sounded when B. B. Griffin was at a point within fifty feet but not less than fifteen feet from the nearest rail of the railroad track upon which defendant's train was traveling, and could then have stopped?

Answer 'Yes' or 'No'.

Answer: Yes

### SPECIAL ISSUE NO. 11

Do you find from a preponderance of the evidence that defendant's train was plainly visible when B. B. Griffin was at a point within fifty feet but not less than fifteen feet from the nearest rail of the railroad track upon which the train was traveling, and could then have stopped?

In connection with your answer to the above Special Issue No. 11, you are instructed that the defendant's train was 'plainly visible', if it was, when a person of ordinary prudence in the exercise of ordinary care, under the same or similar circumstances, and situated as B. B. Griffin was, would have seen it.

Answer 'It was' or 'It was not'.

Answer: It was

If you have answered Special Issue No. 11 'It was', then answer Special Issue No. 12, otherwise you need not answer the same.

### SPECIAL ISSUE NO. 12

Do you find from a preponderance of the evidence that the failure of B. B. Griffin to stop his automobile within fifty feet (50') but not less than fifteen feet (15') from the nearest rail of the railroad track upon which defendant's train was traveling was a proximate cause of the collision in question?

Answer 'Yes' or 'No'.

Answer: Yes"

In answer to special issue 13 the jury refused to find that appellant failed to keep a proper lookout. Conditionally submitted issue 14 was not answered. In answer to special issue 15, the jury refused to find that appellant was operating his vehicle at an excessive rate of speed. Conditionally submitted issue 16 was not answered. In answer to special issue 17 the jury refused to find that appellant failed to make proper application of his brakes. Conditionally submitted issue 18 was not answered. The parties stipulated that damages to appellant's automobile amounted to $774.47. Appellant did not make any objections to the charge of the court. After verdict, appellant filed motion for judgment on the verdict and alternatively for new trial. Appellee made written objections to the issues submitted to the jury, including some to special issues numbers 10 and 11 because they were so framed as to give appellant the benefit of excuse for failure to comply with the provisions of Art. 6701d, Sec. 86, V.A.C.S. If issues 10 and 11 were favorably framed in some respects to appellant, the jury answers were nevertheless adverse to his position, and the questions raised by appellee's objections need not be decided by this Court because of the disposition of the case in the court below and here.

Appellant asserts three points of error as follows:

### "FIRST POINT

The District Court erred in overruling Plaintiff's Motion for Judgment on the jury's verdict because Special Issues Nos. 9 through 12 do not constitute a finding of negligence on the part of B. B. Griffin.

### SECOND POINT

The District Court erred in rendering judgment on the verdict because the finding of contributory negligence on the part of B. B. Griffin is supported by no evidence.

## THIRD POINT

The District Court erred in granting judgment on the verdict because the findings of the jury in response to Special Issues Nos. 1, 2, 3, 13, 15 and 17 are in fatal conflict with the jury's findings in response to Special Issues Nos. 11 and 12, and because the jury's findings in response to Special Issues Nos. 10 and 11 are in fatal conflict with the findings of the jury in response to Special Issues No. 15 and 17."

Appellee's first two reply points assert in part that the jury findings on issues 9, 10, 11 and 12 established appellant's violations of Art. 6701d, Sections 86(c) and (d) constituting negligence per se which the jury also found was a proximate cause of the collision, completing appellee's statutory defenses. Appellee's third reply point asserts in substance that there is no conflict in the jury's affirmative findings of appellant's statutory negligence and negative findings of common law negligence on his part. We agree with appellee.

Art. 6701d, Sec. 86, subdivisions (c) and (d) read as follows:

"Sec. 86. Whenever any person driving a vehicle approaches a railroad grade crossing, the driver of such vehicle shall stop within fifty (50) feet but not less than fifteen (15) feet from the nearest rail of such railroad and shall not proceed until he can do so safely when:
* * * * * *

"(c) A railroad engine approaching within approximately fifteen hundred (1500) feet of the highway crossing emits a signal audible from such distance and such engine by reason of its speed or nearness to such crossing is an immediate hazard;

"(d) An approaching train is plainly visible and is in hazardous proximity to such crossing."

The jury findings on special issues 9 and 10, coupled with the condusively established fact that the railroad engine by reaon of its speed or nearness to the crossing was an immediate hazard, establishes a violation of subdivision (c) of the above-mentioned statute. The jury finding on special issue 11, coupled with the conclusively established fact that the train was in hazardous proximity to the crossing, establishes a violation of subdivision (d) of said statute. The jury finding on special issue 12 supplies the essential element of proximate cause which completes appellee's statutory defenses. A separate finding that appellant's conduct constituted negligence under such circumstances was not required. See Calvert, Special Issues Under Article 6701d, Section 86(d), of the Texas Civil Statutes, 34 Texas Law Review, 971 (1956); Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931 (1956); Missouri Pacific Railroad Co. v. Burns, 382 S.W.2d 761 (Tex.Civ.App., Waco, 1964, n. w. h.); Southern Pacific Company v. Alex, 411 S.W.2d 413 (Tex. Civ.App., Corpus Christi, 1967, n. w. h.). The cases relied on by appellant involve other subdivisions of Art. 6701d, V.A.C.S., and are not applicable to the issues presented here either directly or by analogy.

Appellant's basic contention under his first point—that there is no finding of negligence against him—is not well taken. Appellant's second point assumes that there was a finding of contributory negligence against him, but contends that there is no evidence to support the same. On the trial of the case the testimony of eight witnesses was heard by the jury and a number of exhibits, including photographs and diagrams were admitted into evidence. The testimony of the witnesses, particularly that of appellant, his wife, the railroad fireman and engineer, two disinterested witnesses (one located on the east side and the other on the west side of the crossing when the accident in question occurred) along with the photographs and diagrams, was abun-

dantly sufficient to support the jury answers to special issues 9, 10, 11 and 12. Appellant's "no evidence" contention is not supported by the record. Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.Ct., 1965); In re King's Estate, 150 Tex. 662, 244 S.W. 2d 660 (1952). Appellant's points one and two are overruled.

■■ Appellant's third point, which asserts that the trial court erred in rendering judgment on the verdict because of alleged fatal conflicts between the jury findings listed in said point, is also without merit. The refusal of the jury to find from a preponderance of the evidence that appellant failed to keep a proper lookout or that he was operating his vehicle at an excessive rate of speed or that he failed to make proper application of his brakes (issues 13, 15 and 17) does not create a conflict with the affirmative findings of the jury, as made in answer to issues 9, 10, 11 and 12, that appellant violated subdivisions (c) and (d) Art. 6701d, Sec. 86, V.A.C.S. A motorist may violate the provisions of that statute and yet not be guilty of negligent conduct in other respects. Texas & New Orleans Railroad Co. v. Day, 159 Tex. 101, 316 S.W.2d 402 (1958); Martin v. Texas & New Orleans Railroad Co., 375 S.W.2d 554 (Tex.Civ.App., San Antonio, 1964, n. w. h.); Missouri Pacific Railroad Co. v. Burns, 382 S.W.2d 761 (Tex.Civ.App., Waco, 1964, n. w. h.). The findings of the jury that the crossing was extra hazardous, and of negligence and proximate cause in connection therewith, as made in answer to issues 1, 2 and 3, established primary liability against appellee, but appellant's recovery on account of same was defeated by the jury answers to special issues 9, 10, 11 and 12, establishing appellee's statutory defenses. There is no conflict in the jury findings as contended for by appellant. Appellant's point three is overruled.

The judgment of the trial court is affirmed.